UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Onemata Corporation,<br><br>    Plaintiff<br>v.<br><br>Ashfaq Rahman, et al.,<br><br>    Defendants | Case No.: 2:23-cv-00785-JAD-MDC<br><br>**Order Denying Motions to Lift Stay<br>and to Dismiss**<br><br>[ECF Nos. 68, 76] |

Plaintiff Onemata Corporation brings this fraudulent-transfer action against Ashfaq Rahman, Sabira Arefin, and a collection of Nevada limited-liability companies and trusts that it claims Rahman and Arefin formed to conceal assets from collection on a $5 million judgment entered against them in the United States District Court for the Southern District of Florida.[1] In October 2023, I granted the trusts' unopposed motion to stay this case pending resolution of a post-judgment valuation motion in that Florida court, and the trusts[2] now seek to lift that stay. They also move to dismiss this case, arguing that principles of federal comity and judicial economy warrant deferring to the ongoing supplemental proceedings in the Florida action.

I decline to lift the stay because extending it won't damage either party, lifting it would require parties to litigate similar issues in multiple forums simultaneously, and a finding from the Florida court that it has personal jurisdiction over the trusts would mean this case doesn't need to move forward at all. But dismissing this case is, at least for now, inappropriate because of the

---

[1] ECF No. 1.

[2] Rahman, Arefin, and The Rahman/Arefin Living Trust were served on September 1, 2023, but have not yet appeared. ECF Nos. 56, 59, 63. The parties who have appeared and are moving to lift the stay and dismiss this case are MaskGene LLC, Peacenhaven LLC, Lakemont Property LLC, Bashabari LLC, Sunshine Irrevocable Trust, Paradise Valley Irrevocable Trust, and Bright Stars Irrevocable Trust.

unresolved personal-jurisdiction issues in the Florida action. So I deny the motion to lift the stay and instead extend it pending the Florida court's determination on the briefed-but-unresolved personal-jurisdiction issues in that case. And I deny the trusts' motion to dismiss without prejudice to their ability to refile it after the Florida court has answered those personal-jurisdiction questions.

## Factual Background[3]

In October 2020, Onemata sued Rahman and Arefin, bringing "claims arising out of Rahman and Arefin's sale of their business . . . to Onemata's predecessor."[4] That case, filed in the United States District Court for the Southern District of Florida, went to trial in August 2022.[5] Onemata ultimately prevailed. The jury found that Rahman and Arefin breached their contract with Onemata by engaging in "fraudulent conduct" when they sold their business, and the Florida court "entered a final judgment for Onemata against Rahman and Arefin . . . for $5 million plus post-judgment interest" and a separate $2 million judgment against Rahman "for tortious interference with contract."[6] A substantial portion of both judgments remains unsatisfied.[7]

When Onemata started trying to collect on its judgments, it discovered that several properties that Rahman and Arefin owned had been transferred during the pendency of the Florida action.[8] Though the allegations differ as to each at-issue property, the gravamen of

---

[3] These facts are taken from Onemata's complaint, ECF No. 1, and are not intended as findings of fact.
[4] ECF No. 1 at ¶ 16.
[5] *Id.* at ¶¶ 16, 18.
[6] *Id.* at ¶ 20.
[7] *Id.*
[8] *See id.* at ¶¶ 22–83.

2

Onemata's complaint is that Rahman and Arefin transferred various properties directly to Nevada spendthrift trusts—or to Nevada companies they controlled and then transferred their interests in said companies to Nevada spendthrift trusts.[9] Onemata alleges that Rahman and Arefn created these trusts for their benefit and "to hinder, delay, or defraud Onemata, a known creditor."[10] So Onemata filed this case seeking to unwind these allegedly fraudulent transfers and prevent any further transfers of those assets, and also to obtain a court order declaring that the trusts "are not valid spendthrift trusts under Nevada law."[11]

## Procedural History

**A.     Onemata commences proceedings in Nevada and Florida.**

Onemata filed the complaint in this case on May 19, 2023,[12] and filed a motion to commence supplemental proceedings in the Florida action later that same day.[13] Through the supplemental, post-judgment proceedings, Onemata also seeks to set aside the purportedly fraudulent transfers at issue in this case.[14] According to Onemata, it pursued similar relief against the same parties in both forums because it was concerned that the Florida court would find that it lacked personal jurisdiction over the relevant Nevada entities, and statute-of-limitations constraints could prevent Onemata from pursuing a Nevada case if it waited until the personal-jurisdiction question was resolved.[15]

---

[9] *Id.*

[10] *Id.* at ¶¶ 87, 89.

[11] *Id.* at ¶¶ 90–100.

[12] *See generally id.*

[13] ECF No. 496 in *Onemata Corp. v. Rahman*, Case No. 0:20-cv-62002-WPD (S.D. Fla.).

[14] *Id.* at 1.

[15] *See* ECF No. 70 at 3.

**B.      This case is stayed pending resolution of a valuation motion in the Florida action.**

Several months after the complaint was filed, the trusts moved to stay this Nevada case pending the resolution of a motion in the Florida action.[16] That motion sought valuation of some Onemata stock transferred to Rahman and Arefin when they sold their business to Onemata, equity that it had repurchased (or had attempted to repurchase) after judgment was entered against them.[17] The trusts argued that if the motion was "successful" it would "obviate and render moot further proceedings in Nevada."[18] Onemata didn't agree that resolution of that motion would impact this Nevada case but nevertheless didn't oppose the stay "because supplemental proceedings in Florida [were] pending" and staying this case would "conserve precious judicial resources."[19] It also noted that it had only "commenced this action in Nevada to prevent the statute of limitations from expiring if the [Florida court] lack[ed] jurisdiction over the Nevada" entities.[20] So I granted the motion as unopposed and stayed this case pending resolution of the valuation motion in Florida.[21]

**C.      The trusts move to lift the stay.**

Onemata ultimately transferred the at-issue stock back to Rahman and Arefin, so the Florida court denied the valuation motion as moot.[22] The trusts then moved to lift the stay in this

---

[16] ECF No. 50.

[17] ECF Nos. 508, 509 in *Onemata Corp. v. Rahman*, Case No. 0:20-cv-62002-WPD (S.D. Fla.). Whether Onemata actually repurchased this stock or unlawfully attempted to do so was a point of contention.

[18] ECF No. 50 at 3.

[19] ECF No. 54 at 2.

[20] *Id.*

[21] ECF No. 67.

[22] ECF No. 547 in *Onemata Corp. v. Rahman*, Case No. 0:20-cv-62002-WPD (S.D. Fla.).

case.[23] Onemata opposes lifting the stay, arguing that it would be a waste of the parties' time and judicial resources to litigate the Nevada and Florida actions simultaneously, as the supplemental proceedings are further along and the Florida court is more familiar with the facts and parties.[24] The trusts counter that this case is the first-filed case because it was initiated hours before the supplemental proceedings, so lifting the stay would allow it to seek transfer of those Florida proceedings to Nevada.[25] The trusts made similar arguments in the Florida action, too: in a response motion filed several months earlier, they requested that the Florida court deny Onemata's motion to commence supplemental proceedings "because the Nevada case commenced first."[26]

**D.     The trusts move to dismiss this case as duplicative while simultaneously seeking dismissal of the Florida action for lack of personal jurisdiction.**

After the trusts filed their motion to lift the stay in this case, the Florida court determined that the supplemental proceedings would proceed in that district and specifically rejected the trusts' arguments that said proceedings should be dismissed in deference to this Nevada case.[27] So the trusts pivoted and instead filed a motion to dismiss this case as duplicative.[28] Onemata doesn't contest that the two cases involve the same parties and center on the same facts.[29] But it

---

[23] ECF No. 68.
[24] *See* ECF No. 70.
[25] ECF No. 72.
[26] ECF No. 511 at 5–7 in *Onemata Corp. v. Rahman*, Case No. 0:20-cv-62002-WPD (S.D. Fla.).
[27] ECF No. 585 at 3–4 in *Onemata Corp. v. Rahman*, Case No. 0:20-cv-62002-WPD (S.D. Fla.).
[28] ECF No. 76.
[29] ECF No. 79.

argues that it would be inappropriate to dismiss this case given the personal-jurisdiction questions pending in the Florida action.[30]

When the trusts filed their motion to dismiss this case as duplicative, however, they had already filed a motion to dismiss the Florida action for (among other things) want of personal jurisdiction.[31] And they have since filed another motion to dismiss the Florida action—directed specifically at the supplemental complaint filed in that case—also based in part on personal-jurisdiction grounds.[32] The Florida court has not yet determined whether it can exercise personal jurisdiction over the trusts.

## Discussion

A district court has the inherent power to stay cases to control its docket and promote the efficient use of judicial resources.[33] When determining whether a stay is appropriate pending the resolution of independent proceedings—often called a "*Landis* stay"—the district court must weigh three non-exclusive factors: (1) the possible damage that may result from a stay, (2) any "hardship or inequity" that a party may suffer if required to go forward, (3) "and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" that a stay will engender.[34] And "[a] stay should not be granted unless it

---

[30] *Id.*

[31] ECF No. 621 in *Onemata Corp. v. Rahman*, Case No. 0:20-cv-62002-WPD (S.D. Fla.).

[32] ECF No. 673 in *Onemata Corp. v. Rahman*, Case No. 0:20-cv-62002-WPD (S.D. Fla.).

[33] *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936); *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

[34] *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

6

appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court."[35]

**A.  Staying this case pending resolution of the personal-jurisdiction issue in the Florida action is warranted.**

The trusts first argue that the stay should be lifted because this case was stayed pending resolution of a valuation motion in the supplemental proceedings that was subsequently denied as moot, so "there is no further reason to stay this" case.[36] Onemata acknowledges that the grounds for which the stay was originally granted don't provide a basis to continue the stay but counters that the stay should be extended for other reasons.[37] It argues that the Florida action has been pending for years, the Florida court is familiar with the parties and issues, the supplemental proceedings are further along, and "[a]llowing the Florida district court to handle enforcement of its own judgment" would conserve this court's limited resources.[38] According to Onemata, lifting the stay would also prejudice both parties because they would be forced to litigate in two forums, and "[u]nless the Florida district court decides it has no jurisdiction over the [trusts], there is no good reason to litigate these issues in both forums."[39] On the other hand, extending the stay wouldn't harm either party given that this case is still in its early stages.[40]

The trusts respond that this action should take precedence under the first-to-file doctrine because the relevant supplemental proceedings in the Florida action were initiated several hours

---

[35] *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979).
[36] ECF No. 68 at 3–4.
[37] ECF No. 70 at 2–5.
[38] *Id.*
[39] *Id.* at 5.
[40] *Id.* at 4.

after the complaint was filed in this case.[41]  So lifting the stay would permit the trusts to move to transfer the supplemental proceedings to Nevada, which would "necessarily result in judicial economy and avoid unnecessary duplication of time and expenses to the parties."[42]  The trusts also dispute Onemata's characterization of the Florida action as further along, noting that the Florida court still hasn't ruled on Onemata's motion for supplemental proceedings.[43]

### 1.     *The trusts' arguments against extending the stay are unavailing.*

The trusts' arguments against extending the stay have been undermined by subsequent developments in the Florida action.  The Florida court granted Onemata's motion to commence supplemental proceedings and impleaded the trusts into those proceedings.[44]  Since then, discovery has been ongoing (if it has not yet been completed) and there have been numerous filings and orders while this case has lain dormant.[45]  The Florida court also rejected the first-to-file argument that the trusts advance here, finding that the supplemental proceedings are a post-judgment "continuation of the underlying litigation" that "commenced in October 2020" so "the first-filed rule [was] inapplicable."[46]  Thus, the Florida case would be moving forward even if I did find that this Nevada one is the first-filed case and agreed that the doctrine should be applied[47] despite the near-simultaneous initiation of both proceedings and the Florida court's extensive experience and familiarity with the relevant parties and issues.

---

[41] ECF No. 72 at 4–5.

[42] *Id.*

[43] *Id.* at 3.

[44] ECF No. 585 in *Onemata Corp. v. Rahman*, Case No. 0:20-cv-62002-WPD (S.D. Fla.).

[45] *See* ECF Nos. 585–707 in *Onemata Corp. v. Rahman*, Case No. 0:20-cv-62002-WPD (S.D. Fl.).

[46] ECF No. 585 at 4 in *Onemata Corp. v. Rahman*, Case No. 0:20-cv-62002-WPD (S.D. Fla.).

[47] *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) ("The most basic aspect of the first-to-file rule is that it is discretionary; 'an ample degree of discretion,

### *2. The circumstances here militate towards a short extension of the stay.*

The recent developments and unresolved personal-jurisdiction issues in the Florida action leave me convinced that a short extension of the stay in this case is warranted. The trusts haven't shown that such a stay will damage them since the Florida court won't be transferring the supplemental proceedings to Nevada. So lifting the stay in this case would not, as the trusts originally contended, "necessarily result in judicial economy and avoid unnecessary duplication of time and expenses to the parties."[48] It would have the opposite effect, causing hardship for all parties because they would be forced to litigate what they agree are substantially if not entirely overlapping issues in two forums simultaneously.[49] Extending the stay would also promote judicial efficiency because resolution of the pending motions to dismiss for lack of personal jurisdiction will likely determine whether this Nevada case needs to move forward at all.[50] And I am only extending the stay pending resolution of the personal-jurisdiction motions[51] and am optimistic that they will be resolved in the near future.

---

appropriate for disciplined and experienced judges, must be left to the lower courts.'" (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 182 (1952))).

[48] *Id.*

[49] *See* ECF No. 53 at 2; ECF No. 70 at 3–4; ECF No. 76; ECF No. 79 at 1–2.

[50] The trusts argue that this case should be dismissed as duplicative, *see* ECF No. 76, and Onemata has repeatedly stated that it only brought this case out of concern that personal-jurisdiction and statute-of-limitation issues would prevent it from bringing it at a later date should the Florida court find it can't assert jurisdiction over the trusts. *See* ECF No. 53 at 2; ECF No. 70 at 3–4; ECF No. 79 at 1–2.

[51] Onemata requests that this case be stayed pending resolution of the supplemental proceedings themselves rather than just until the motions to dismiss for personal jurisdiction are resolved, *see* ECF No. 70 at 5; ECF No. 79 at 2, but doesn't adequately explain why a stay beyond the Florida court's determination on that issue is warranted. Should the Florida court deny the trusts' motions to dismiss, Onemata will need to present a more developed argument as to why this case should be stayed for the entirety of those proceedings rather than dismissed as duplicative at that time.

### B. At least for now, a stay is more appropriate than dismissal.

The trusts' more recent arguments in support of their position that this case should be dismissed (rather than stayed) are somewhat contradictory and all ultimately unpersuasive.[52] They maintain that this is the first-filed action,[53] though they now move to dismiss it as duplicative of the Florida action.[54] In any event, the personal-jurisdiction issues being litigated in the Florida action and the statute-of-limitations related issues that might arise if this case is dismissed before those issues are resolved only further confirm that a short stay, not dismissal, is appropriate here. In *Alltrade, Inc. v. Uniweld Products*, the Ninth Circuit found that courts applying the first-to-file rule should stay rather than dismiss cases when "the first-filed action presents a likelihood of dismissal" and the party opposing dismissal "would risk encountering statute-of-limitations problems" if it was required to file a new suit.[55] Indeed, the first-filed case in *Alltrade* also suffered from "jurisdictional uncertainty," and the *Alltrade* court found that such uncertainty "at the very least counsels against outright dismissal."[56]

The trusts try to distinguish *Alltrade* on the grounds that this case is (in their view) the first-filed case, while the *Alltrade* court was considering whether a second-filed case should be dismissed or stayed in deference to a first-filed one.[57] But I need not determine whether this is, in fact, the first-filed case to find the trusts' efforts unavailing. By moving to dismiss this case as

---

[52] *See* ECF No. 82.

[53] *Id.* at 4 n.2

[54] See ECF No. 76 at 4 (citing *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997), which confirms that—under the first-to-file rule—when cases in two districts involve the same parties and issues, "the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy").

[55] *Alltrade, Inc. v. Uniweld Prods.*, 946 F.2d 622, 629 (9th Cir. 1991) (cleaned up).

[56] *Id.*

[57] ECF No. 82 at 4 n.2.

duplicative, they are arguing that I should defer to the Florida court and thereby assume the role traditionally occupied by the court with the second-filed case under the first-to-file rule. But the Florida action suffers from "jurisdictional uncertainty" at the moment, so dismissing this case in deference to the Florida action before that uncertainty is resolved would run counter to the Ninth Circuit's guidance in *Alltrade*.[58]

The trusts also question the validity of Onemata's statute-of-limitations concerns, arguing that "it fails to offer sufficient factual analysis for this Court to determine the applicability of [Nevada Revised Statutes (NRS) 166.170] to the facts presented in" this case.[59] But NRS 166.170 plainly limits when parties can bring actions with respect to transfers to spend-thrift trusts.[60] And the trusts don't explain why that isn't enough for me to conclude that Onemata "would risk encountering statute-of-limitations problems" if I dismissed this case—which involves allegations of fraudulent transfers to spendthrift trusts—and Onemata was later forced to refile it.[61] So I deny the trusts' motion to dismiss this case as duplicative.

---

[58] The trusts highlight that they moved to dismiss the supplemental proceedings in the Florida action for a second reason; so it was not *solely* based on the absence of personal jurisdiction. *Id.* at 3. But they don't explain how this renders the Ninth Circuit's guidance in *Alltrade* any less applicable here.

[59] *Id.* at 4.

[60] *See* Nev. Rev. Stat. § 166.170(1)(a) ("A person may not bring an action with respect to a transfer of property to a spendthrift trust: (a) If the person is a creditor when the transfer is made, unless the action is commenced within: (1) Two years after the transfer is made; or (2) Six months after the person discovers or reasonably should have discovered the transfer, whichever is later.").

[61] *See Alltrade*, 946 F.2d at 629.

**Conclusion**

IT IS THEREFORE ORDERED that the trusts' motion to lift the stay **[ECF No. 68] is DENIED. The STAY of this action is extended until the resolution of the trusts' pending motions to dismiss for lack of personal jurisdiction in the Florida action.** Once the Southern District of Florida enters its order resolving the personal-jurisdiction issue, the parties will have 20 days to file appropriate motions (to extend the stay, lift the stay, dismiss, etc.) based on the Southern District of Florida's decision and what effect the parties believe it has on this case.

IT IS FURTHER ORDERED that the trusts' motion to dismiss this case as duplicative **[ECF No. 76] is DENIED** without prejudice to their ability to refile it upon resolution of the personal-jurisdiction issue in the Florida case.

_____
U.S. District Judge Jennifer A. Dorsey
June 26, 2024